Rockingham
No. 7560

STATE OF NEW HAMPSHIRE

v.

AGNES M. MURPHY

January 31, 1977

*David H. Souter*, attorney general, and *Richard B. McNamara*, attorney (*Mr. McNamara* orally) for the state.

*Griffin, Harrington, Brigham & Ritzo*, of Portsmouth (*Mr. James E. Ritzo* orally) for the defendant.

GRIMES, J.  The question in this case is whether the evidence supports a finding that defendant's actions constitute disorderly conduct in violation of RSA 644:2. We hold that they do.

Defendant was charged with a violation of RSA 644:2 II(d) in that she did "with the purpose to cause public inconvenience, annoyance or alarm or recklessly creating a risk thereof did in a public place, to wit, Exeter Bowling Alleys, engage in a course of abusive or obscene language." After a trial by the court resulting in a guilty verdict and a fine of $25 suspended, defendant's exceptions were transferred by *Perkins*, J.

RSA 644:2 II(d) provides in part that: "A person is guilty of disorderly conduct if . . . with a purpose to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof in a public place, he engages in a course of abusive or obscene language or makes obscene gestures. . . ." Defendant does not chal-

76

lenge the constitutionality of this statute but rather contends that the alleged conduct does not constitute the offense.

■ Although defendant disputes much of the state's evidence, the evidence would support a finding of the following facts: On April 18, 1975, defendant, then age 21, was in the Exeter Bowling Lanes in Exeter and had purchased a beer. A detective of the Exeter Police Department and a state liquor store inspector came in to investigate possible violations of the liquor laws. They noticed defendant at the bar and, being of the opinion that she was "very young," asked for her identification. She showed them an out-of-state driver's license but the officers could not read it as she held it and asked to examine it more closely. They had shown her their identification but both were in civilian clothes and were using an unmarked car. When defendant refused to hand over the license, she was told that she was suspected of being a minor and that if she did not prove her age, she would have to go with them to the police station. She then said "I'm not going anywhere with you f . . . ing pigs." It could be found that she repeated the statement three times and that she yelled, kicked and swore when the officers took her into custody and put her in the police car. In the bar at the time were at least the bartender, another customer and two owners.

■ Contrary to the argument of the defendant, we hold that it could be found that defendant engaged in a "course of abusive" language within the meaning of the statute rather than a single outburst. We also hold that it could be found that defendant by her conduct recklessly created a risk of causing public inconvenience, annoyance or alarm within the meaning of the statute.

*Exceptions overruled.*

All concurred.